IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GLENN TRACY HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-083 |
| | ) | |
| ANDREW M. SAUL, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

Plaintiff protectively applied for DIB and SSI on October 15, 2012, and he alleged an amended disability onset date of September 6, 2012. Tr. ("R."), pp. 463-75, 515, 640. Plaintiff was forty years old at his alleged disability onset date and was forty-five years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 28, 463. Plaintiff alleged disability based on the following conditions: back problems, bone spurs,

knee problems, high blood pressure, obesity, depression and opiate addiction.  R. 533.  Plaintiff completed high school and some college, (R. 21, 534, 639), and prior to his alleged disability date, had accrued a history of past relevant work that included:  cashier, warehouse manager, industrial truck operator, industrial cleaner - supervisor, pallet manager, sales representative, telephone solicitor, supervisor, and material handler.  R. 26, 520.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration.  R. 238-45, 248-55.  Plaintiff requested a hearing before an ALJ, (R. 256-57), and the ALJ held two hearings in 2015.  R. 65-124.   Represented by counsel at the second hearing, Plaintiff appeared and testified, as did a vocational expert ("VE").  R. 65-112.  The ALJ then issued an unfavorable decision dated October 29, 2015, in which he determined Plaintiff could perform his past relevant work as a cashier, sales representative, telephone solicitor, and supervisor, and therefore concluded Plaintiff was not disabled.  R. 221-22.

Plaintiff then requested that the Appeals Council ("AC") review the ALJ's decision, arguing the Residual Functional Capacity ("RFC") was not based upon substantial evidence.  The AC vacated the October 29, 2015 decision and remanded the case to the ALJ to "reconcile the inconsistencies between the [RFC] assessment and the medical opinion evidence, as well as state the probative weight afforded to the opinion of John C. Whitley, III, Ph.D."  R. 231.  Specifically, and most relevant to this appeal, the AC instructed the ALJ on remand to "[g]ive further consideration to the claimant's maximum [RFC] and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and 416.945 and Social Security Ruling 85-16 and 96-8p)."  R. 231-32.

2

On remand, the ALJ held a hearing on December 12, 2017. R. 37-64. At the hearing, the ALJ heard testimony from Plaintiff, who appeared with counsel, as well as from a VE. Id. On April 27, 2018, the ALJ again issued an unfavorable decision. R. 12-36.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 6, 2012, the amended alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: osteoarthritis, obesity, substance abuse, and affective disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).[1] The claimant can occasionally climb stairs, balance, and stoop, kneel, crouch, and crawl. He should never climb ladders. He should avoid concentrated exposure to hazards. He is limited to perform simple, routine, and repetitive tasks but not at a production rate pace. He can occasionally interact with supervisors, co-workers, and the public. The

---

[1] "Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

      claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including production assembler, paper sorter, and house cleaner (20 C.F.R. §§ 404.1569, 404.1569a, 416.969, and 416.969a). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from September 6, 2012, through the date of the ALJ's decision, April 27, 2018 (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 18-26.

When the AC denied Plaintiff's request for review of the second ALJ decision, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ erred by failing (1) to properly weigh the medical opinions in the record, including the opinion of a treating psychiatrist, in formulating an RFC, and (2) to present a hypothetical question to the VE that accurately represented Plaintiff's limitations. See doc. no. 15 ("Pl.'s Br."); doc. no. 19 ("Reply Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 18 ("Comm'r's Br.").

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211

(11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

The case should be remanded because the ALJ failed to identify Robert Shuman III, M.D., as a treating source and assign weight to his opinion.

#### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### B. Assigning Weight to Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*) ("The ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'"); Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5 (July 2, 1996) (requiring administrative decision to "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and . . . be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight").

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips, 357 F.3d at 1241 (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

7

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (*per curiam*) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). In the absence of a statement from the ALJ concerning the weight given to different medical opinions and the reasons for assigning such weight, the reviewing court will be unable to determine whether the decision is supported by substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

Additionally, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. §§ 404.1527(c)(1)-(2), (5), 416.927(c)(1)-(2), (5). Under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. §§ 404.1527(d), 416.927(d).

### C. The Court Rejects Two Arguments for Remand

First, the Court does not read Plaintiff's briefing to suggest the ALJ needed to base his RFC opinion on a medical opinion, but to the extent the Commissioner argues there is no such requirement, (doc. no. 18, p. 25), the Court agrees. The ALJ determines the RFC based

on an analysis of all the relevant record evidence. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a) & 416.946(c). The ALJ must give consideration to physician opinions in accordance with the applicable rules and regulations, but the ALJ is not constrained to formulating the RFC based solely on such opinions. See Langley v. Astrue, 777 F. Supp.2d 1250, 1258, 1261 (N.D. Ala. 2011) (explaining that Eleventh Circuit "does not require an RFC from a physician" to deny disability benefits) (citing Green v. Soc. Sec. Admin., 223 F. App'x 915, 923-24 (11th Cir. 2007) (*per curiam*)).

Second, the recommendation for remand is not based on any perceived failure to comply with the AC's remand order. The Court is aware that failing to follow the terms of the remand order is a legal error that requires this Court to remand the case to the Commissioner. Apone v. Comm'r, Soc. Sec. Admin., 435 F. App'x 864, 865 & n.4 (11th Cir. 2011) (*per curiam*); Ross v. Comm'r of Soc. Sec., No. 6:12-cv-959-Orl-22GJK, 2013 WL 5236680, at *2-3 (M.D. Fla. Sept. 17, 2013); Dunbar v. Comm'r of Soc. Sec. Admin., CV 104-114, doc. no. 15 (S.D. Ga. Sept. 26, 2006) (Bowen, J.). Here, the remand order directed the ALJ to further consider Plaintiff's RFC and "provide appropriate rationale with specific references to evidence of record in support of the assessed limitations." R. 231-32 (citations omitted). These directions followed a specific discussion of inconsistencies between the mental limitations in the RFC and the opinions of consultative examiners Michael P. Rose, Ph.D., and John C. Whitley, III, Ph.D., as well as a specific acknowledgment the ALJ's first decision did not "explicitly state the probative weight accorded to Dr. Whitley's opinion." R. 231.

Plaintiff disagrees the ALJ followed the instruction to resolve the inconsistencies between Drs. Rose and Whitley because he believes a group of opinions from five medical

9

professionals (Drs. Rose and Whitley, state agency reviewers John Cooper, Ph.D., and Ndiya Nkongho, Ph.D., and treating psychiatrist Dr. Shuman) are at odds with each other and the RFC for occasional contact with supervisors, co-workers and the public. Pl.'s Br., pp. 11-13; Reply Br., pp. 1-6. But the underlying issue the Court views as controlling is the failure to identify Dr. Shuman as a treating physician and assign weight to his opinion. The ALJ's decision to simply mention Dr. Shuman's name and parrot a brief summary of Dr. Shuman's Medical Source Statement without acknowledging the doctor's status as a treating psychiatrist, let alone assign any weight to his opinion, is particularly puzzling in light of the AC's focus on the formulation of the mental limitations in the RFC.

Upon remand from the AC, the ALJ did discuss in detail the opinions of Drs. Rose and Whitley, assign weight to them, (R. 19, 21-22, 25), and modify Plaintiff's RFC from frequent to occasional interaction with supervisors, co-workers, and the public. Cf. R. 216 with R. 20. Nevertheless, as discussed in detail in the next section, the ALJ did not, as is generally required in the Eleventh Circuit, identify Dr. Shuman as a treating source or assign weight to his opinion. Thus, the ALJ's failure to properly address Dr. Shuman's opinion forms the underlying basis for remand to the Commissioner. See Williams v. Comm'r of Soc. Sec., No. 6:11-cv-1355-Orl-GJK, 2013 WL 451331, at *9 (M.D. Fla. Feb. 6, 2013) ("[E]ven if the Appeals Counsel had not directed the ALJ to consider and weigh the findings and opinions reflected in [an examining physician's] medical records, the failure to state with particularity the weight given to such evidence and the reasons therefore constitutes reversible error." (citing Winschel, 631 F.3d at 1179)). Indeed, without an indication of the weight afforded to Dr. Shuman's opinions on a questionnaire that was not available when the AC issued its remand order in January 2017, opinions that may be entitled to more weight

10

than any other of the reviewing or one-time examiner's opinions, it is impossible to determine the administrative decision is supported by substantial evidence.

### D. The Court Recommends Remand Based on the Improper Treatment of Dr. Shuman's Opinions

As set forth above, a treating physician's opinion must be given substantial weight, and the refusal to do so requires a showing of good cause by the Commissioner. See Crawford, 363 F.3d at 1159; Schnorr, 816 F.2d at 581; Hillsman, 804 F.2d at 1181. Although not identified by the ALJ as Plaintiff's treating psychiatrist, Plaintiff testified at the December 12, 2017 hearing he saw Dr. Shuman every two months, (R. 46), and the Commissioner's briefing does not challenge Dr. Shuman's status as a treating source. Rather, the Commissioner reviews the records and opinions in a detailed analysis not evident in the ALJ's decision. See Comm'r Br., pp. 11-14, 23-24 (detailing Dr. Shuman's treatment history with Plaintiff). Moreover, the Commissioner attempts to gloss over the ALJ's treatment of Dr. Shuman with citations to general principles that an ALJ need not specifically refer to every piece of evidence and suggesting a harmless error analysis in failing to assign weight to medical opinions. Id. at 23-24 (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*); Hunter v. Comm'r of Soc. Sec., 609 F. App'x 555, 558 (11th Cir. 2015) (*per curiam*); Colon v. Colvin, 660 F. App'x 867, 870 (11th Cir. 2016) (*per curiam*).) The Court disagrees with the Commissioner's position.

First, the case law cited is inapposite. For example, in Hunter, the doctors whom the ALJ failed to name did not offer an opinion on how the claimant's conditions would impact his ability work and the doctors relied upon by the ALJ did. See Hunter, 609 F. App'x at 558. As discussed below, Dr. Shuman did offer an opinion concerning the mental conditions

11

specifically at issue for Plaintiff and additional insight on the particular findings of the consultative examiners and state agency physicians. Also, in Colon, the opinions to which the ALJ failed to assign a particular weight or mention were consistent with the ALJ's conclusion the claimant had no mental limitations affecting the RFC, and the ALJ's discussion of the opinion to which no weight was assigned was "in depth" and left no questions how the ALJ reached his decision. See 660 F. App'x at 870. Here, however, the discussion of Dr. Shuman's opinions, to which no weight was assigned, was brief and did not explain the ALJ's use of the opinions, in formulating an RFC that did include limitations to which Dr. Shuman's opinions were addressed, leaving the Court to guess at how the ALJ reached his decision. Had the ALJ followed the requirement he specifically identify the weight given to a treating physician's opinion and the reasons therefor, Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1263 (11th Cir. 2019) (*per curiam*), the Court would not be left to wonder.

Second, the Commissioner's examination and analysis of Dr. Shuman's opinions does not carry the day because it is a post-hoc review that was not conducted in the first instance at the administrative level. The Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984)

12

(noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").  Thus, the Court turns its attention to the ALJ's treatment of Dr. Shuman's opinion.

In a Medical Source Statement Concerning the Nature and Severity of an Individual's Mental Impairment dated September 7, 2017, and as noted by the ALJ, Dr. Shuman opined Plaintiff had "moderate limitations in his ability to understand and remember; mild to marked limitations in sustained concentration and persistence; and moderate limitations in social interaction and adaptation." R. 26, 1034-37.  The statement defines markedly limited as: "An impairment which precludes the individual's ability to function independently, appropriately, and effectively in the designated area on a regular and sustained basis." R. 1034.  Moderately limited is defined as: "An impairment which serious interferes with, and in combination with one or more other restrictions assessed, may preclude the individual's ability to perform the designated activity on a regular and sustained basis." R. 1034.

Specific to Plaintiff's current contention that the RFC for occasional interaction with supervisors, co-workers, and the public is not supported by substantial evidence, Dr. Shuman also opined Plaintiff is markedly limited in his ability work in coordination with or proximity to others without being unduly distracted by them and moderately limited in his ability to interact appropriately with the general public.  R.1035.  Furthermore, Dr. Shuman opined Plaintiff has a substantial loss of ability to respond appropriately to supervision, co-workers and usual work situations, with substantial loss defined as severely limiting or substantially eroding the unskilled occupational base and warranting or justifying a finding of disability. R. 1036.  These opinions from Dr. Shuman, not mentioned by the ALJ or identified as

coming from a treating psychiatrist, must be compared to the other medical opinions about Plaintiff's mental limitations.

The record shows, as recognized by the ALJ, two consultative examiners opined Plaintiff had limitations interacting with others. Dr. Rose opined in a February 2013 consultative evaluation considered as a "marginally valid account" of Plaintiff's functioning, Plaintiff had a marked level of impairment for interacting and communicating with the public, coworkers and supervisors. R. 19, 714. As the result of a second consultative psychological evaluation conducted in September 2013, Dr. Whitley determined Plaintiff would "function best with minimal interaction with others in a work setting." R. 19, 25, 739. The ALJ gave "significant weight" to these two consultative opinions when determining Plaintiff can occasionally interact with supervisors, co-workers, and the public.

The ALJ also gave "great weight" to the opinions of state agency physicians Drs. Cooper and Nkongho, opinions which the ALJ characterized as opining Plaintiff "had moderate mental limitations." R. 25 (citing Exs. B1A (R. 125-38), B5A (R. 155-73)). In March 2013, Dr. Cooper opined Plaintiff was moderately limited in his ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and maintain socially appropriate behavior. R. 135. Dr. Cooper explained these findings as follows: "Would likely perform better in a more socially isolative position." R. 135. In October 2013, Dr. Nkongho made the same findings as Dr. Cooper with respect to Plaintiff's ability to interact with the general public, supervisors, and coworkers, explaining his limitations as follows:

> Claimant is able to work with others in employment that minimizes regular contact with large groups of co-workers and did not require problem-solving work with the public. The claimant can work in a workplace environment requiring brief and superficial contact with others. The claimant can understand and accept direct, simple, and concrete supervision.

R. 170.

In addition, the ALJ's decision contained a discussion of Plaintiff's mental health treatment at Community Mental Health Center. R. 22. The ALJ described the treatment as "relatively unremarkable" and highlighted 2017 treatment notes suggesting Plaintiff "felt better" and pointing out non-compliance with medication contributed to episodes that were not "unremarkable." R. 22. However, other treatment notes from 2017 not mentioned by the ALJ show Plaintiff presented with poor insight and judgment, (R. 1027, 1040), even when medication compliance was described as good, (R. 1039). The Court cannot now conclude in these proceedings the failure to identify Dr. Shuman as a treating source and assign weight to his opinion amounts to harmless error given (1) the ALJ's reliance on records from 2017 about Plaintiff's mental health, (2) four other medical opinions of record indicating some type of mental limitation for Plaintiff, and (3) an administrative decision identifying affective disorder as a severe impairment and an RFC limiting Plaintiff to simple, routine, and repetitive tasks and occasional interaction with supervisors, coworkers, and the public. See Moore, 405 F.3d at 1214 (recognizing reviewing court cannot "even evaluate the Commissioner's contention that the ALJ's error was harmless" where administrative decision did not show ALJ considered relevant factors and impact on RFC). Thus, the case should be remanded. See Wiggins, 679 F.2d at 1390 (remanding where reviewing court was "unable to determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so").

15

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application. However, in the absence of a statement by the ALJ of the weight afforded to the opinions of Dr. Shuman, the Court cannot affirm the administrative decision as supported by substantial evidence. See Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985) (*per curiam*) (noting in absence of stating specifically the weight accorded each item of evidence, it is impossible for reviewing court to determine whether ultimate decision on the merits is rational and supported by substantial evidence). As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 21st day of November, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

16